STATE v. LEONIS M. LANE.[1]

December 6, 1935.

No. 30,612.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Assistant Attorney General, *Louis F. Soukup,* Special Counsel, *Ed J. Goff,* County Attorney, and *William G. Compton,* Assistant County Attorney, for the State.

*Louis Solem,* for defendant.

STONE, JUSTICE.

Under indictment for grand larceny in the second degree, defendant moved to quash upon the ground that the grand jury had declined to call a witness, after defendant had requested in writing that the witness be called "to appear and give information as to the business transactions involved." Without passing on the motion, the district court has certified to this court, under 2 Mason Minn. St. 1927, § 10756, this question:

"Is the defendant entitled to the quashing of the Indictment because she was not permitted to have said witness, W. E. Reau,

[1]Reported in 263 N. W. 608.

appear in her behalf before the Grand Jury, which returned the Indictment, after a prior Grand Jury, before whom said witness so appeared and testified, had returned a 'No-bill'?"

As appears from that statement of the question, an earlier grand jury had investigated the charge against defendant; had heard the testimony of the witness Reau; and had returned a no-bill.

No other conclusion is tenable than that the refusal of the second grand jury to call the witness was no ground for quashing its indictment. The argument for defendant is based upon our statutes. The first is 2 Mason Minn. St. 1927, § 10685, which enumerates three grounds upon which indictments may be set aside upon motion of the accused. Failure of the grand jury to call a witness is not one of them. Under that statute, an indictment may be set aside if not "found, indorsed, and presented" as prescribed in the subdivision relating to grand juries. For defendant it is argued that this indictment was not so "found" because 2 Mason Minn. St. 1927, § 10622, referring to the conduct of grand juries, declares that:

"They are not bound to hear evidence for the defendant; but if, in weighing the evidence submitted to them, they have reason to believe that other evidence within their reach will explain away the charge, they shall order such evidence produced, and for that purpose may require the prosecuting attorney to issue process for the necessary witnesses."

That statute is but a direction to grand juries. It confers no right upon the accused. If the grand jury violates the statute by a refusal to hear a witness whom they should have heard, the defendant cannot complain if a true bill is found. After all, it is for the grand jury itself to determine what witnesses to hear. To hold otherwise would put it in the power of one under investigation to compel a grand jury to hear some evidence in his behalf, notwithstanding the statutory declaration in 2 Mason Minn. St. 1927, § 10622, that the jury is "not bound to hear evidence for the defendant." If a defendant could compel the grand jury to listen to one such witness, he would equally be able to force it to listen to as many others as he might name.

That an earlier grand jury, with the aid of defendant's witness not called before the later one, returned a no-bill may generate speculation as to propriety, but it does not touch the question of law. The grand jury was within its own power in refusing to call the witness.

The question must be and is answered in the negative.